Pearson, C. J.
 

 Without deciding that an injunction cannot be issued to restrain a party from proceeding in an application for a mandamus, where mere private civil rights are involved, and where some matter exists which makes it against conscience to enforce the legal right, but being merely equitable in its nature, cannot be taken advantage of by setting it out as a part of
 
 the return
 
 to the mandamus, for we will not say that such an equity may not, under peculiar circumstances, exist, although an instance of it has not. suggested itself to our minds, we concur with his Honor, that the fact that the defendant had exhibited a bill in equity against the plaintiff, praying, among other things, for an injunction to restrain further proceedings in the application for a mandamus, which injunction the Judge had refused to direct to be issued, cannot be taken as “ a return,” or as a cause or excuse for not making one, consequently, there is no error in the order “ that the defendant make return to the -writ of mandamus,” from which order his Honor allowed the defendant to appeal. This we consider to be the only point presented. It is true, that the plaintiff moved that “the defendant be required, now, to make return, and,
 
 on failure, that a writ of peremptory mandamus do next issue;
 
 but there is no judgment that
 
 *206
 

 such peremptory mandamus do next issm,
 
 and it would have been inconsistent with the permission to appeal from the order requiring a return, and which was vacated by the appeal; otherwise it may be that the defendant would have made as
 
 a return
 
 the several matters set out in the bill in equity, or excepted in the nature of a motion in arrest of j udgment, for error of substance apparent on the face of the proceedings.
 

 It may be well to call attention to the fact, that the prayer of the petition is, “ that the Commissioners show cause why they shall not be required
 
 to pay the amount of the assessments
 
 to the petitioner,” and on failure, that they be absolutely and peremptorily commanded “
 
 to pay the same as
 
 aforesaid.”
 
 The writ
 
 is, “these are therefore to command you, and each of you, as Commissioners,
 
 to issue, or cause to Toe issued, Toonds to the aggregate
 
 amount,” cfee.” "Whether the variance is waived, or is fatal, will be a question on the motive for a peremptory writ.
 

 It was stated at the bar, that the object of the appeal was to try the question whether an “injunction could not be issued to restrain the mandamus,” his Honor having refused it, being of opinion that there was no such jurisdiction in equity. This appeal does not present that question; for which reason -we are not at liberty to decide it. The application for the injunction, being on the bill merely, was, of course,
 
 ex parte,
 
 and might have been made to any other judge, as well as to his Honor. If the defendant files the bill, and upon the coming in of the answer, a motion for an injunction upon the bill answer, and the
 
 egwity confessed
 
 is refused, an appeal may be taken from such interlocutory order, and the question will be presented.
 

 Pee CueiaM, The order appealed from affirmed.